# EXHIBIT A

SUM-100

# SUMMONS
## *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:**
***(AVISO AL DEMANDADO):***
TARGET CORPORATION, a corporation; and DOES 1-100, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
***(LO ESTÁ DEMANDANDO EL DEMANDANTE):***
TERENCE FLAATEN, by and through his Guardian Ad Litem, Linda Stout

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

Electronically FILED by Superior Court of California, County of Los Angeles 8/13/2024 4:33 PM David W. Slayton, Executive Officer/Clerk of Court, By O. Chaparyan, Deputy Clerk

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Los Angeles Superior Court
North Valley District, 9425 Penfield Ave, Chatsworth, CA 91311

CASE NUMBER:
*(Número del Caso):*
24CHCV02741

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Taylor Porter, SBN # 334662, SHERNOFF BIDART ECHEVERRIA LLP, 600 S. Indian Hill Blvd., Claremont, CA 91711 (909) 621-4935

DATE: *(Fecha)* 08/13/2024 Clerk, by *(Secretario)* O. Chaparyan , Deputy *(Adjunto)*

*(For proof of service of this summons, use* Proof of Service of Summons *(form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario* Proof of Service of Summons, *(POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*
3. [X] on behalf of *(specify):* Target Corporation, a corporation
   under: [X] CCP 416.10 (corporation) [ ] CCP 416.60 (minor)
   [ ] CCP 416.20 (defunct corporation) [ ] CCP 416.70 (conservatee)
   [ ] CCP 416.40 (association or partnership) [ ] CCP 416.90 (authorized person)
   [ ] other *(specify):*
4. [ ] by personal delivery on *(date):*

MICHAEL J. BIDART #60582
DANICA CRITTENDEN #273309
TAYLOR R. PORTER #334862
**SHERNOFF BIDART ECHEVERRIA LLP**
600 South Indian Hill Boulevard
Claremont, California 91711
Telephone: (909) 621-4935
Facsimile: (909) 625-6915

Attorneys for Plaintiff

**Electronically FILED by Superior Court of California, County of Los Angeles 7/31/2024 11:19 AM David W. Slayton, Executive Officer/Clerk of Court, By I. Baytalyants, Deputy Clerk**

SHERNOFF BIDART ECHEVERRIA LLP
LAWYERS FOR INSURANCE POLICYHOLDERS

**SUPERIOR COURT FOR THE STATE OF CALIFORNIA**

**IN AND FOR THE COUNTY OF LOS ANGELES**

| | |
|---|---|
| TERENCE FLAATEN, by and through his Guardian Ad Litem, Linda Stout,<br><br>Plaintiff,<br>vs.<br><br>TARGET CORPORATION, a corporation; and DOES 1-100, inclusive,<br><br>Defendants. | Case No.: 24CHCV02741<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>1. NEGLIGENCE<br><br>2. PREMISES LIABILITY |

**I.**

**INTRODUCTION**

1. Defendant Target Corporation ("Target") operates nearly 2,000 department stores around the world. It offers customers a number of products, from groceries, to clothing, to electronics, and more. Its stores are also staffed with employees fulfilling various roles, such as clerking, receiving, cleaning, and security.

2. On October 4, 2023, Plaintiff Terence Flaaten ("Terry") left his home in Encino, California to shop at a Target store located at 8999 Balboa Blvd., Northridge,

California (the "Target Store"). The last thing Terry remembers that day is walking through the aisles of the Target Store, and then, waking up in the hospital several hours later. For the hours in between, he remembers only flashes.

3. Terry later learned that he had fallen in the Target Store. As a result of his fall, he suffered significant cognitive and physical injuries. When Target Store employees discovered Terry had fallen, instead of calling an ambulance or alerting appropriate medical personnel, they placed him on a scooter and watched him leave.

4. Although disoriented from the fall, Terry managed to drive himself nearly all the way home, parking his vehicle on the street in front of his home. When he tried to step out of his vehicle, he could not move his left leg and fell out of his vehicle onto the ground. A nearby delivery driver saw Terry and called 911. When paramedics arrived, Terry was unable to answer any questions and was confused and aphasic (i.e., unable to communicate effectively). The paramedics loaded Terry onto a stretcher and took him to Dignity Health Northridge Hospital ("Northridge Hospital").

SHERNOFF BIDART ECHEVERRIA LLP
LAWYERS FOR INSURANCE POLICYHOLDERS

5. On information and belief, as a result of Terry's fall at the Target Store and subsequent neglect by Target's employees by failing to seek medical attention for him, he suffered serious injuries, including acute encephalopathy, aphasia, dysarthria, muscle weakness, impaired ambulatory stability, and abnormalities to his gait and movement. He remained at Northridge Hospital until October 13, 2023. At the time of his discharge, his treating physician noted that he "still need[ed] 24/7 care" and that it was not safe for him to be discharged home independently due to his high fall risk.

6. After his discharge from Northridge Hospital, Terry was transferred to Rialto Post-Acute Care Center for continued treatment. Terry remained at Rialto Post-Acute Care Center, where he received physical and occupational therapy until November 9, 2024, until he was transferred to a long-term residential care facility, Gracious Living Board and Care, Inc. in Upland, California.

7. At all relevant times herein, Target was responsible for the care of its premises and owed a duty to its customers, including Terry. Target failed to safely

maintain the Target Store free of hazards that could cause harm to the public. Moreover, Target failed to properly ensure that Terry was unharmed and mentally and physically capable of safely leaving the Target Store on his own. As a result of Target's negligence, Terry has sustained personal injury and suffered economic and non-economic damages.

## II.

## THE PARTIES

8. Plaintiff Terence is an adult lacking legal capacity, who is acting by and through his Guardian ad Litem, Linda Stout, a resident of the State of California. Terence was, and at all relevant times mentioned herein was, a resident of the County of Los Angeles, State of California.

9. At all relevant times, Defendant Target is, and was, a corporation organized under the laws of the State of Minnesota, with its principal place of business and headquarters in the State of Minnesota.

10. The true names and capacities, whether individual, corporate, associate or otherwise, of defendants DOES 1 through 100, inclusive, and each of them, are unknown to Plaintiff, who thereby sues these defendants by such fictitious names, and will ask leave of this court to amend this complaint when the same shall have been ascertained. Plaintiff is informed and believes and upon that basis alleges that each defendant named herein as a DOE is responsible in some manner for the events and happenings referred to herein which proximately caused injury to Plaintiff as herein alleged. Plaintiff is further informed, believes, and thereon alleges that DOES 1 through 50 are residents of the State of California. Target and DOES 1 through 100, inclusive, are collectively "Defendants."

11. Plaintiff is informed and believes and on that basis alleges that at all times mentioned herein Defendants, and each of them, were the agents, joint venturers, servants, employees, assistants, and consultants of each other, and as such were acting within the course, scope, and authority of said agency, joint venture, and employment,

SHERNOFF BIDART ECHEVERRIA LLP
LAWYERS FOR INSURANCE POLICYHOLDERS

and that each and every defendant, when acting as a principal, was negligent and reckless in the selection, hiring, entrustment, and supervision of each and every other defendant as an agent, servant, employee, assistant, or consultant.

## III.

## FACTUAL BACKGROUND

12. Terry is a 79-year-old United States Air Force veteran who spent his post-military career as an electronic technician. Before he sustained his severe injuries at the Target Store, he enjoyed spending time outside his home. After Terry's wife of more than 45 years passed away in 2018, he kept himself busy by shopping, attending classes at his local senior citizen's center, and spending time with friends and family. He especially enjoyed exercise and dance classes, including hip hop.

13. Before the incident, Terry managed his own personal and financial affairs without issues. He paid his bills on time, paid his taxes, donated to charity, and never had to ask for money from family. Notably, in the final years of his wife's life, he incurred significant debt because of the medical care she required, but he paid it all off in just a few years. In all relevant respects, he was independent and did not require the assistance of others for regular daily activities.

14. Tragically, on October 4, 2023, Terry's life suddenly changed.

15. In the early afternoon on October 4, 2023, Terry left his home to go shopping at his local Target Store in Northridge, California. However, he remembers next to nothing about what happened after he arrived at the store.

16. Terry was shopping and walking down one of the aisles of the store, he suddenly lost his balance and fell. On information and belief, the conditions of the floor and/or surrounding area of the Target Store caused his fall. Target Store employees found Terry disoriented and unable to communicate clearly. They placed him in a seating area and abruptly filled out a report. Rather than calling an ambulance or seeking appropriate medical care for Terry—which, on information and belief, they

SHERNOFF BIDART ECHEVERRIA LLP
LAWYERS FOR INSURANCE POLICYHOLDERS

knew or should have known he needed—Target Store employees placed him on a scooter and watched as he left the store.

17. Despite being disoriented and unable to move his left leg, Terry managed to drive most of the way home. However, he was unable to pull his vehicle into his driveway and instead left it in the street in front of his home. He recalls that as he tried to exit his vehicle, he was unable to move his left leg. He fell to the ground and remained there, motionless. At around 3:10 p.m. a delivery driver making a delivery nearby saw Terry lying on the ground and quickly ran over to him and called 911.

18. The delivery driver helped Terry into his home and sat him down on his couch. A short time later, emergency responders from the Los Angeles Fire Department ("LAFD") arrived at Terry's home and found him aphasic and confused. LAFD personnel placed him on a stretcher and transported him to Northridge Hospital.

19. Terry arrived at the emergency room at Northridge Hospital just after 4:00 p.m., where he received treatment and underwent a battery of medical tests. Doctors soon ruled out stroke and blood clot as the cause of his symptoms. Soon after, his treating physicians diagnosed him with acute encephalopathy, aphasia, dysarthria, muscle weakness, impaired ambulatory stability, and abnormalities to his gait and movement.

20. While at Northridge Hospital, Terry's treaters noted that he was slow to answer questions and did not know what month it was. He was also unable to follow one-step commands and, at times, his speech was unintelligible. In addition, Terry was unable to ambulate on his own. As a result of his injuries, Terry received physical and occupational therapy at Northridge Hospital as his treaters worked to stabilize him enough to transfer him to a skilled nursing facility.

21. On October 13, 2023, Terry was discharged from Northridge Hospital. However, his treaters opined that it was not safe for Terry to be discharged home independently due to his high fall risk. Accordingly, they recommended that he be discharged to a skilled nursing facility so he could receive 24-hour care and monitoring.

SHERNOFF BIDART ECHEVERRIA LLP
LAWYERS FOR INSURANCE POLICYHOLDERS

22. Upon his discharge from Northridge Hospital, Terry was transferred via ambulance to Rialto Post-Acute Care Center. While at Rialto Post-Acute Care Center, he relied on others to assist him with activities of daily living, such as using the restroom, showering/bathing, and getting dressed.

23. Terry also continued to receive physical and occupational therapy. As a result of his continued risk for falls, further decline in function, immobility, and muscle atrophy, he received occupational therapy four (4) to seven (7) times per week. He also underwent physical therapy four (4) to seven (7) times per week.

24. On November 9, 2023, Terry left Rialto Post-Acute Care Center and was transferred to Gracious Living Inc. Board and Care, a 24-hour assisted-living home. Although Terry had improved and no longer needed ongoing physical and occupational therapy and his communication improved, he still required assistance with everyday tasks, such as using the restroom and getting out of bed. He also required the use of a wheelchair to ambulate, as he could not walk independently. He continues to reside there as of the filing of this Complaint.

25. The injuries that Terry sustained during his fall at the Target Store have completely upended his life. Now only a shell of his former self, he is unable to drive and must rely on his brother-in-law and sister to schedule and take him to medical appointments, manage his personal and financial affairs, and ensure he is being properly cared for. Even now, he cannot ambulate on his own without the use of a walker and requires constant 24-hour care to ensure he is safe and properly cared for.

SHERNOFF BIDART ECHEVERRIA LLP
LAWYERS FOR INSURANCE POLICYHOLDERS

**FIRST CAUSE OF ACTION**

**(Negligence against all Defendants)**

PLAINTIFF, TERENCE FLAATEN, BY AND THROUGH HIS GUARDIAN AD LITEM, LINDA STOUT, FOR A FIRST CAUSE OF ACTION AGAINST DEFENDANTS TARGET CORPORATION AND DOES 1 THROUGH 100, INCLUSIVE, FOR NEGLIGENCE ALLEGE:

26. Terry refers to each and every paragraph above and incorporates them as though set forth in full in this cause of action.

27. At all relevant times herein, Defendants owned and controlled the Target Store located at 8999 Balboa Blvd., Northridge, California. Moreover, Defendants undertook the responsibility and duty to the manage and maintain the premises, including the aisle in which Terry fell on October 4, 2023.

28. Terry is informed, believes, and thereon alleges, that at all relevant times herein, Defendants directly or by and through their employees or agents, negligently, recklessly, and carelessly failed to exercise ordinary care in managing and/or maintaining the Target Store so as to avoid exposing reasonably foreseeable persons, such as Terry, to an unreasonable risk of harm. At all relevant times herein, Defendants knew or reasonably should have known that the aisles of the Target Store were not managed and/or maintained in such a manner so as to prevent injury to others and would likely result in a dangerous consequence to the public, including Terry.

29. Terry alleges that, as a result of Defendants' acts, omissions, and negligence, he fell and sustained serious physical injuries.

30. In addition, Defendants knew or should have known that after Terry's fall on October 4, 2023, he required immediate medical attention. Instead of seeking to obtain reasonable medical care, Defendants negligently, recklessly, and carelessly failed to exercise ordinary care in ensuring that Terry was unharmed and mentally and physically capable of leaving the store on his own. Moreover, Defendants knew or should have known that placing Terry on a scooter and not calling an ambulance and/or

SHERNOFF BIDART ECHEVERRIA LLP
LAWYERS FOR INSURANCE POLICYHOLDERS

seeking proper medical care for Terry was unreasonable and placed Terry at a risk of further harm.

31. Defendants failed to implement and/or follow safety measures and precautions that could have prevented further injury to Terry. As a direct result of Defendants' failure to ensure that Terry received proper medical care following his October 4, 2023 fall, he did not receive timely medical care, further exacerbating his injuries.

32. Defendants' conduct was a substantial factor in causing harm to Terry. In addition to his past injuries, disabilities, and damages, he is informed and believes and thereon alleges that the injuries he sustained will result in future and permanent injuries, disabilities, impairment, limitations, and damages.

33. Defendants' conduct was also a substantial factor in causing Terry's past and future economic losses, including past and future medical expenses. Additionally, Terry suffered past, and will suffer future, non-economic damages, including physical pain, mental suffering, loss of enjoyment of life, inconvenience, grief, anxiety, humiliation, and emotional distress, all in an amount to be determined by the trier of fact. Defendants' conduct was also a substantial factor in causing this non-economic harm.

SHERNOFF BIDART ECHEVERRIA℠
LAWYERS FOR INSURANCE POLICYHOLDERS

**SECOND CAUSE OF ACTION**

**(Premises Liability against all Defendants)**

PLAINTIFF, TERENCE FLAATEN, BY AND THROUGH HIS GUARDIAN AD LITEM, LINDA STOUT, FOR A SECOND CAUSE OF ACTION AGAINST TARGET CORPORATION AND DOES 1 THROUGH 100, INCLUSIVE, FOR PREMISES LIABILITY ALLEGE:

34. Plaintiff refers to each and every paragraph above and incorporates them as though set forth in full in this cause of action.

35. Defendants owned and controlled the Target Store located at 8999 Balboa Blvd., Northridge, California, including the area where Terry fell on October 4, 2023. As part of their duties in operating the store, Defendants undertook the exclusive obligation, directly or by and through their employees or agents, to manage and maintain the Target Store.

36. At all relevant times herein, Defendants directly or by and through their employees or agents, negligently, recklessly, and carelessly failed to exercise ordinary care in their use, management, and/or maintenance of the Target Store so as to avoid exposing reasonably foreseeable persons, including Terry, to an unreasonable risk of harm at their premises.

37. At all relevant times herein, Defendants knew or reasonably should have known that the Target Store was not used, managed, and/or maintained in such a manner so as to prevent injury to others, including Terry.

38. On October 4, 2023, as a result of Defendants' failure to properly and safely use, manage, and maintain the Target Store, Terry fell to the floor at Defendants' premises, causing him injuries.

39. Defendants' conduct was a substantial factor in causing harm to Terry. In addition to the past injuries, disabilities, and damages, Terry is informed and believes and thereon alleges that the injuries he sustained will result in future and permanent injuries, disabilities, impairment, limitations, and damages.

40. Defendants' conduct was also a substantial factor in causing Terry's past and future economic losses, including past and future medical expenses. Additionally, Terry suffered past, and will suffer future, non-economic damages, including physical pain, mental suffering, loss of enjoyment of life, inconvenience, grief, anxiety, humiliation, and emotional distress, all in an amount to be determined by the trier of fact. Defendants' conduct was also a substantial factor in causing this non-economic harm.

SHERNOFF BIDART ECHEVERRIA LLP
LAWYERS FOR INSURANCE POLICYHOLDERS

SHERNOFF BIDART ECHEVERRIA LLP
LAWYERS FOR INSURANCE POLICYHOLDERS

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for damages against Defendants as follows:

**AS TO THE FIRST CAUSE OF ACTION FOR NEGLIGENCE**

1. For an award of compensatory damages to Plaintiff to compensate him for the economic and non-economic losses he has sustained as a result of Defendants' negligence;
2. For an award of interests and costs; and
3. For such other and further relief as the Court deems just and proper.

**AS TO THE SECOND CAUSE OF ACTION FOR PREMISES LIABILITY**

1. For an award of compensatory damages to Plaintiff to compensate him for the economic and non-economic losses he has sustained as a result of Defendants' negligence;
2. For an award of interests and costs; and,
3. For such other and further relief as the Court deems just and proper.

Dated: July 30, 2024

SHERNOFF BIDART ECHEVERRIA LLP

By: ______________________
MICHAEL J. BIDART
DANICA CRITTENDEN
TAYLOR R. PORTER
Attorneys for Plaintiff

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial.

Dated: July 30, 2024

SHERNOFF BIDART ECHEVERRIA LLP

By: [signature]

MICHAEL J. BIDART
DANICA CRITTENDEN
TAYLOR R. PORTER
Attorneys for Plaintiff

SHERNOFF BIDART ECHEVERRIA LLP
LAWYERS FOR INSURANCE POLICYHOLDERS

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Taylor Porter, Esq. (SBN 334862)<br>Shernoff Bidart Echeverria LLP, 600 S. Indian Hill Blvd, Claremont, CA 91711<br>TELEPHONE NO.: 909-621-4935 FAX NO.: 909-625-6915<br>EMAIL ADDRESS: tporter@shernoff.com<br>ATTORNEY FOR (Name): Plaintiff, Terence Flaaten | **Electronically FILED by Superior Court of California, County of Los Angeles 7/31/2024 11:19 AM David W. Slayton, Executive Officer/Clerk of Court, By I. Baytalyants, Deputy Clerk** |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES<br>STREET ADDRESS: 9425 Penfield Avenue<br>MAILING ADDRESS: Same<br>CITY AND ZIP CODE: Chatsworth 91311<br>BRANCH NAME: North Valley District | |
| CASE NAME:<br>Flaaten v. Target Corporation | |

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [x] Unlimited (Amount demanded exceeds $35,000) [ ] Limited (Amount demanded is $35,000 or less) | [ ] Counter [ ] Joinder<br>Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | 24CHCV02741<br>JUDGE:<br>DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [x] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [ ] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition (not specified above) (43)

2. This case [ ] is [x] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision
3. Remedies sought *(check all that apply)*: a. [x] monetary b. [ ] nonmonetary; declaratory or injunctive relief c. [ ] punitive
4. Number of causes of action *(specify)*: 2
5. This case [ ] is [x] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: July 30, 2024
Taylor Porter
(TYPE OR PRINT NAME) ▶ [signature]
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
- Auto (22)–Personal Injury/Property Damage/Wrongful Death
- Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- Asbestos (04)
  - Asbestos Property Damage
  - Asbestos Personal Injury/Wrongful Death
- Product Liability *(not asbestos or toxic/environmental)* (24)
- Medical Malpractice (45)
  - Medical Malpractice–Physicians & Surgeons
- Other Professional Health Care Malpractice
- Other PI/PD/WD (23)
  - Premises Liability (e.g., slip and fall)
  - Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  - Intentional Infliction of Emotional Distress
  - Negligent Infliction of Emotional Distress
  - Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
- Business Tort/Unfair Business Practice (07)
- Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
- Defamation (e.g., slander, libel) (13)
- Fraud (16)
- Intellectual Property (19)
- Professional Negligence (25)
  - Legal Malpractice
  - Other Professional Malpractice *(not medical or legal)*
- Other Non-PI/PD/WD Tort (35)

**Employment**
- Wrongful Termination (36)
- Other Employment (15)

**Contract**
- Breach of Contract/Warranty (06)
  - Breach of Rental/Lease
    - Contract *(not unlawful detainer or wrongful eviction)*
  - Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  - Negligent Breach of Contract/Warranty
  - Other Breach of Contract/Warranty
- Collections (e.g., money owed, open book accounts) (09)
  - Collection Case–Seller Plaintiff
  - Other Promissory Note/Collections Case
- Insurance Coverage *(not provisionally complex)* (18)
  - Auto Subrogation
  - Other Coverage
- Other Contract (37)
  - Contractual Fraud
  - Other Contract Dispute

**Real Property**
- Eminent Domain/Inverse Condemnation (14)
- Wrongful Eviction (33)
- Other Real Property (e.g., quiet title) (26)
  - Writ of Possession of Real Property
  - Mortgage Foreclosure
  - Quiet Title
  - Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
- Commercial (31)
- Residential (32)
- Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
- Asset Forfeiture (05)
- Petition Re: Arbitration Award (11)
- Writ of Mandate (02)
  - Writ–Administrative Mandamus
  - Writ–Mandamus on Limited Court Case Matter
  - Writ–Other Limited Court Case Review
- Other Judicial Review (39)
  - Review of Health Officer Order
  - Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
- Antitrust/Trade Regulation (03)
- Construction Defect (10)
- Claims Involving Mass Tort (40)
- Securities Litigation (28)
- Environmental/Toxic Tort (30)
- Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
- Enforcement of Judgment (20)
  - Abstract of Judgment (Out of County)
- Confession of Judgment *(non-domestic relations)*
- Sister State Judgment
- Administrative Agency Award *(not unpaid taxes)*
- Petition/Certification of Entry of Judgment on Unpaid Taxes
- Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
- RICO (27)
- Other Complaint *(not specified above)* (42)
  - Declaratory Relief Only
  - Injunctive Relief Only *(non-harassment)*
  - Mechanics Lien
  - Other Commercial Complaint Case *(non-tort/non-complex)*
  - Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
- Partnership and Corporate Governance (21)
- Other Petition *(not specified above)* (43)
  - Civil Harassment
  - Workplace Violence
  - Elder/Dependent Adult Abuse
  - Election Contest
  - Petition for Name Change
  - Petition for Relief From Late Claim
  - Other Civil Petition

| SHORT TITLE | CASE NUMBER |
|---|---|
| Flaaten v. Target Corporation, et al. | |

# CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION

## (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court**

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

| Applicable Reasons for Choosing Courthouse Location (Column C) | |
|---|---|
| 1. Class Actions must be filed in the Stanley Mosk Courthouse, Central District. | 7. Location where petitioner resides. |
| 2. Permissive filing in Central District. | 8. Location wherein defendant/respondent functions wholly. |
| 3. Location where cause of action arose. | 9. Location where one or more of the parties reside. |
| 4. Location where bodily injury, death or damage occurred. | 10. Location of Labor Commissioner Office. |
| 5. Location where performance required, or defendant resides. | 11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection). |
| 6. Location of property or permanently garaged vehicle. | |

| | A<br>Civil Case Cover Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| Auto Tort | Auto (22) | ☐ 2201 Motor Vehicle – Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| | Uninsured Motorist (46) | ☐ 4601 Uninsured Motorist – Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| Other Personal Injury/ Property Damage/ Wrongful Death | Other Personal Injury/ Property Damage/ Wrongful Death (23) | ☑ 2301 Premise Liability (e.g., dangerous conditions of property, slip/trip and fall, dog attack, etc.) | 1, (4) |
| | | ☐ 2302 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, battery, vandalism, etc.) | 1, 4 |
| | | ☐ 2303 Intentional Infliction of Emotional Distress | 1, 4 |
| | | ☐ 2304 Other Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| | | ☐ 2305 Elder/Dependent Adult Abuse/Claims Against Skilled Nursing Facility | 1, 4 |
| | | ☐ 2306 Intentional Conduct – Sexual Abuse Case (in any form) | 1, 4 |

| SHORT TITLE | CASE NUMBER |
|---|---|
| Flaaten v. Target Corporation, et al. | |

| | A<br>Civil Case Cover Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| | | ☐ 2307 Construction Accidents | 1, 4 |
| | | ☐ 2308 Landlord – Tenant Habitability (e.g., bed bugs, mold, etc.) | 1, 4 |
| Other Personal Injury/ Property Damage/ Wrongful Death | Product Liability (24) | ☐ 2401 Product Liability (not asbestos or toxic/ environmental) | 1, 4 |
| | | ☐ 2402 Product Liability – Song-Beverly Consumer Warranty Act (CA Civil Code §§1790-1795.8) (Lemon Law) | 1, 3, 5 |
| | Medical Malpractice (45) | ☐ 4501 Medical Malpractice – Physicians & Surgeons | 1, 4 |
| | | ☐ 4502 Other Professional Health Care Malpractice | 1, 4 |
| Non-Personal Injury/Property Damage/Wrongful Death Tort | Business Tort (07) | ☐ 0701 Other Commercial/Business Tort (not fraud or breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ 0801 Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ 1301 Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ 1601 Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ 2501 Legal Malpractice | 1, 2, 3 |
| | | ☐ 2502 Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| | Other (35) | ☐ 3501 Other Non-Personal Injury/Property Damage Tort | 1, 2, 3 |
| Employment | Wrongful Termination (36) | ☐ 3601 Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☐ 1501 Other Employment Complaint Case | 1, 2, 3 |
| | | ☐ 1502 Labor Commissioner Appeals | 10 |
| Contract | Breach of Contract / Warranty (06) (not insurance) | ☐ 0601 Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | | ☐ 0602 Contract/Warranty Breach – Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | | ☐ 0603 Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
| | | ☐ 0604 Other Breach of Contract/Warranty (no fraud/ negligence) | 1, 2, 5 |
| | | ☐ 0605 Breach of Rental/Lease Contract (COVID-19 Rental Debt) | 2, 5 |
| | Collections (09) | ☐ 0901 Collections Case – Seller Plaintiff | 5, 6, 11 |
| | | ☐ 0902 Other Promissory Note/Collections Case | 5, 11 |
| | | ☐ 0903 Collections Case – Purchased Debt (charged off consumer debt purchased on or after January 1, 2014) | 5, 6, 11 |
| | | ☐ 0904 Collections Case – COVID-19 Rental Debt | 5, 11 |
| | Insurance Coverage (18) | ☐ 1801 Insurance Coverage (not complex) | 1, 2, 5, 8 |

| SHORT TITLE | CASE NUMBER |
|---|---|
| Flaaten v. Target Corporation, et al. | |

| | A<br>Civil Case Cover Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| Contract (Continued) | Other Contract (37) | ☐ 3701 Contractual Fraud | 1, 2, 3, 5 |
| | | ☐ 3702 Tortious Interference | 1, 2, 3, 5 |
| | | ☐ 3703 Other Contract Dispute (not breach/insurance/fraud/ negligence) | 1, 2, 3, 8, 9 |
| Real Property | Eminent Domain/ Inverse Condemnation (14) | ☐ 1401 Eminent Domain/Condemnation<br>Number of Parcels ________ | 2, 6 |
| | Wrongful Eviction (33) | ☐ 3301 Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ 2601 Mortgage Foreclosure | 2, 6 |
| | | ☐ 2602 Quiet Title | 2, 6 |
| | | ☐ 2603 Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| Unlawful Detainer | Unlawful Detainer – Commercial (31) | ☐ 3101 Unlawful Detainer – Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer – Residential (32) | ☐ 3201 Unlawful Detainer – Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer – Post Foreclosure (34) | ☐ 3401 Unlawful Detainer – Post Foreclosure | 2, 6, 11 |
| | Unlawful Detainer – Drugs (38) | ☐ 3801 Unlawful Detainer – Drugs | 2, 6, 11 |
| Judicial Review | Asset Forfeiture (05) | ☐ 0501 Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ 1101 Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ 0201 Writ – Administrative Mandamus | 2, 8 |
| | | ☐ 0202 Writ – Mandamus on Limited Court Case Matter | 2 |
| | | ☐ 0203 Writ – Other Limited Court Case Review | 2 |
| | Other Judicial Review (39) | ☐ 3901 Other Writ/Judicial Review | 2, 8 |
| | | ☐ 3902 Administrative Hearing | 2, 8 |
| | | ☐ 3903 Parking Appeal | 2, 8 |
| Provisionally Complex Litigation | Antitrust/Trade Regulation (03) | ☐ 0301 Antitrust/Trade Regulation | 1, 2, 8 |
| | Asbestos (04) | ☐ 0401 Asbestos Property Damage | 1, 11 |
| | | ☐ 0402 Asbestos Personal Injury/Wrongful Death | 1, 11 |

| SHORT TITLE | CASE NUMBER |
|---|---|
| Flaaten v. Target Corporation, et al. | |

| | A<br>Civil Case Cover Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| Provisionally Complex Litigation (Continued) | Construction Defect (10) | ☐ 1001 Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ 4001 Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ 2801 Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort Environmental (30) | ☐ 3001 Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims from Complex Case (41) | ☐ 4101 Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| Enforcement of Judgment | Enforcement of Judgment (20) | ☐ 2001 Sister State Judgment | 2, 5, 11 |
| | | ☐ 2002 Abstract of Judgment | 2, 6 |
| | | ☐ 2004 Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | ☐ 2005 Petition/Certificate for Entry of Judgment Unpaid Tax | 2, 8 |
| | | ☐ 2006 Other Enforcement of Judgment Case | 2, 8, 9 |
| Miscellaneous Civil Complaints | RICO (27) | ☐ 2701 Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints (not specified above) (42) | ☐ 4201 Declaratory Relief Only | 1, 2, 8 |
| | | ☐ 4202 Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | ☐ 4203 Other Commercial Complaint Case (non-tort/noncomplex) | 1, 2, 8 |
| | | ☐ 4204 Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| Miscellaneous Civil Petitions | Partnership Corporation Governance (21) | ☐ 2101 Partnership and Corporation Governance Case | 2, 8 |
| | Other Petitions (not specified above) (43) | ☐ 4301 Civil Harassment with Damages | 2, 3, 9 |
| | | ☐ 4302 Workplace Harassment with Damages | 2, 3, 9 |
| | | ☐ 4303 Elder/Dependent Adult Abuse Case with Damages | 2, 3, 9 |
| | | ☐ 4304 Election Contest | 2 |
| | | ☐ 4305 Petition for Change of Name/Change of Gender | 2, 7 |
| | | ☐ 4306 Petition for Relief from Late Claim Law | 2, 3, 8 |
| | | ☐ 4307 Other Civil Petition | 2, 9 |

| SHORT TITLE | CASE NUMBER |
|---|---|
| Flaaten v. Target Corporation, et al. | |

**Step 4: Statement of Reason and Address:** Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address, which is the basis for the filing location including zip code. (No address required for class action cases.)

| REASON: ☐ 1. ☐ 2. ☐ 3. ☑ 4. ☐ 5. ☐ 6. ☐ 7. ☐ 8. ☐ 9. ☐ 10. ☐ 11 | | | ADDRESS: 8999 Balboa Boulevard |
|---|---|---|---|
| CITY: Northridge | STATE: CA | ZIP CODE: 91325 | |

**Step 5: Certification of Assignment:** I certify that this case is properly filed in the North Valley District District of the Superior Court of California, County of Los Angeles [Code of Civ. Proc., 392 et seq., and LASC Local Rule 2.3(a)(1)(E)]

Dated: 07/30/2024

(SIGNATURE OF ATTORNEY/FILING PARTY

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.
2. If filing a Complaint, a completed Summons form for issuance by the Clerk.
3. Civil Case Cover Sheet Judicial Council form CM-010.
4. Civil Case Cover Sheet Addendum and Statement of Location form LASC CIV 109 (01/23).
5. Payment in full of the filing fee, unless there is a court order for waiver, partial or schedule payments.
6. A signed order appointing a Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court to issue a Summons.
7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the Summons and Complaint, or other initiating pleading in the case.

| | |
|---|---|
| **SUPERIOR COURT OF CALIFORNIA**<br>**COUNTY OF LOS ANGELES** | Reserved for Clerk's File Stamp<br><br>**FILED**<br>Superior Court of California<br>County of Los Angeles<br>07/31/2024<br>David W. Slayton, Executive Officer / Clerk of Court<br>By: I. Baytalyants Deputy |
| COURTHOUSE ADDRESS:<br>Chatsworth Courthouse<br>9425 Penfield Avenue, Chatsworth, CA 91311 | |
| **NOTICE OF CASE ASSIGNMENT**<br>**UNLIMITED CIVIL CASE** | |
| **Your case is assigned for all purposes to the judicial officer indicated below.** | CASE NUMBER:<br>24CHCV02741 |

**THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT**

| | ASSIGNED JUDGE | DEPT | ROOM | | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|---|
| ✓ | David B. Gelfound | F49 | | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record David W. Slayton, Executive Officer / Clerk of Court

on 07/31/2024 (Date) By I. Baytalyants, Deputy Clerk

# INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

**APPLICATION**
The Division 7 Rules were effective January 1, 2007. They apply to all general civil cases.

**PRIORITY OVER OTHER RULES**
The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

**CHALLENGE TO ASSIGNED JUDGE**
A challenge under Code of Civil Procedure Section 170.6 must be made within 15 days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

**TIME STANDARDS**
Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

**COMPLAINTS**
All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

**CROSS-COMPLAINTS**
Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

**STATUS CONFERENCE**
A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

**FINAL STATUS CONFERENCE**
The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date. All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference. These matters may be heard and resolved at this conference. At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

**SANCTIONS**
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules. Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is imperative.**

**Class Actions**
Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

***Provisionally Complex Cases**
Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status. If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp<br>FILED<br>Superior Court of California<br>County of Los Angeles<br>07/31/2024<br>David W. Slayton, Executive Officer / Clerk of Court<br>By V. Petoyan Deputy |
|---|---|
| COURTHOUSE ADDRESS:<br>Chatsworth Courthouse<br>9425 Penfield Avenue, Chatsworth, CA 91311 | |
| PLAINTIFF:<br>TERENCE FLAATEN, by and through his Guardian Ad Litem, Lind | |
| DEFENDANT:<br>TARGET CORPORATION, a corporation | |
| **NOTICE OF CASE MANAGEMENT CONFERENCE** | CASE NUMBER:<br>24CHCV02741 |

TO THE PLAINTIFF(S)/ATTORNEY(S) FOR PLAINTIFF(S) OF RECORD:

You are ordered to serve this notice of hearing on all parties/attorneys of record forthwith, and meet and confer with all parties/attorneys of record about the matters to be discussed no later than 30 days before the Case Management Conference.

Your Case Management Conference has been scheduled at the courthouse address shown above on:

| Date: 05/20/2025 | Time: 8:30 AM | Dept.: F49 |
|---|---|---|

NOTICE TO DEFENDANT: THE SETTING OF THE CASE MANAGEMENT CONFERENCE DOES NOT EXEMPT THE DEFENDANT FROM FILING A RESPONSIVE PLEADING AS REQUIRED BY LAW.

Pursuant to California Rules of Court, rules 3.720-3.730, a completed Case Management Statement (Judicial Council form # CM-110) must be filed at least 15 calendar days prior to the Case Management Conference. The Case Management Statement may be filed jointly by all parties/attorneys of record or individually by each party/attorney of record. You must be familiar with the case and be fully prepared to participate effectively in the Case Management Conference.

At the Case Management Conference, the Court may make pretrial orders including the following, but not limited to, an order establishing a discovery schedule; an order referring the case to Alternative Dispute Resolution (ADR); an order reclassifying the case; an order setting subsequent conference and the trial date; or other orders to achieve the goals of the Trial Court Delay Reduction Act (Gov. Code, § 68600 et seq.)

Notice is hereby given that if you do not file the Case Management Statement or appear and effectively participate at the Case Management Conference, the Court may impose sanctions, pursuant to LASC Local Rule 3.37, Code of Civil Procedure sections 177.5, 575.2, 583.150, 583.360 and 583.410, Government Code section 68608, subdivision (b), and California Rules of Court, rule 2.2 et seq.

Dated: 07/31/2024

Judicial Officer
David B. Gelfound / Judge

**CERTIFICATE OF SERVICE**

I, the below named Executive Officer/Clerk of Court of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Case Management Conference upon each party or counsel named below:

☑ by depositing in the United States mail at the courthouse in Chatsworth, California, one copy of the original filed herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid.

☐ by personally giving the party notice upon filing of the complaint.

TAYLOR R PORTER
600 South Indian Hill Boulevard
CLAREMONT, CA 91711

David W. Slayton, Executive Officer / Clerk of Court

Dated: 07/31/2024

By V. Petoyan
Deputy Clerk

FILED
Superior Court of California
County of Los Angeles

SEP 20 2022

Sherri R. Carter, Executive Officer/Clerk
By ________________, Deputy
Anoush Mchitarian

2022-SJ-008-03

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES – CENTRAL DISTRICT

| | |
|---|---|
| In re Personal Injury Cases Assigned to the Personal Injury Hub Courts (Spring Street Courthouse) | EIGHTH AMENDED STANDING ORDER FOR PROCEDURES IN THE PERSONAL INJURY HUB COURTS EFFECTIVE OCTOBER 10, 2022 |

**STANDING ORDER RE: PROCEDURES AT PERSONAL INJURY HUB COURTS AT THE SPRING STREET COURTHOUSE**

The Superior Court of California, in and for the County of Los Angeles (Superior Court, Los Angeles County), hereby issues the following order prescribing the procedures to be followed in the Personal Injury Hub Courts at the Spring Street Courthouse.

**1. Authority**

This order is being made pursuant to the Code of Civil Procedure, the California Rules of Court, rule 3.720, and the Superior Court, Los Angeles County, Local Rules, rule 3.23. It supersedes the following General and Standing Orders:

A. Amended General Order Re: General Jurisdiction Personal Injury Cases – Filing Location (5/16/2014);

B. First Amended Standing Order Re: Final Status Conference, Personal Injury ("PI") Courts (4/16/2018);

C. First Amended Standing Order Re: Personal Injury Procedures at the Spring Street Courthouse (2/24/2020);

D. Third Amended Standing Order Re: Final Status Conference, Personal Injury ("PI") Courts (2/24/2020);

E. Fifth Amended Standing Order Re: Mandatory Settlement Conference (2/24/2020);

F. Amended Supplemental Standing Order re Covid Protective Measures Related to Final Status Conferences in Personal Injury Cases at the Spring Street Courthouse (12/22/2020);

G. Sixth Amended Standing Order Re: Mandatory Settlement Conference (6/23/2021);

H. Second Amended Supplemental Standing Order re Covid Protective Measures Related to Final Status Conferences in Personal Injury Cases at the Spring Street Courthouse (10/08/2021) and

I. Seventh Amended Standing Order for Procedures in the Personal Injury Hub Courts (5/16/2022).

**2. Assignment of Personal Injury (PI) Cases to Judicial Districts; Assignments within Central District**

- Unless otherwise ordered, all pending cases remain where they are assigned.
- On or after October 10, 2022, all newly filed PI cases, as defined in Los Angeles County Local Rules, rule 2.3, shall be filed in the judicial district where the incident arose.

///

- Parties filing PI cases should use the filing court locator on the Los Angeles Superior Court website to determine the appropriate filing location (www.lacourt.org and https://www.lacourt.org/filinglocatornet/ui/filingsearch.aspx?CT=CI).

On or after October 10, 2022, all newly filed PI cases assigned to the Central District shall be assigned to a Personal Injury Hub court unless the case type is one of the following:

- ☐ 2401 Product Liability (not asbestos or toxic/environmental)
- ☐ 2402 Product Liability – Song-Beverly Consumer Warranty Act (Civil Code, sections 1790-1795.8) (Lemon Law)
- ☐ 2305 Elder/Dependent Adult Abuse and Claims Against Skilled Nursing Facility
- ☐ 2306 Intentional Conduct - Sexual Abuse Case (in any form)
- ☐ 2308 Landlord - Tenant Habitability (e.g., bed bugs, mold, etc.)
- ☐ 4501 Medical Malpractice - Physicians & Surgeons
- ☐ 4502 Other Professional Health Care Malpractice

These cases will be assigned to Independent Calendar Courts which will handle such cases for all purposes, including trial.

**3. Assignment to PI Hub Court and Final Status Conference, Trial, and Order to Show Cause Dates**

All PI Cases filed in the Central District will be assigned to the PI Hub Court. Upon filing, a case will be assigned a trial date approximately 18 months from the filing date, a Final Status Conference (FSC) date approximately eight court days prior to the trial date, and a date for a hearing on an Order to Show Cause why the case should not be dismissed pursuant to Code of Civil Procedure, sections 583.410 and 583.420 approximately 24 months from the filing date.

**4. Transferring Cases from the PI Hub Courts**

The PI Hub Courts may transfer a case *sua sponte* based upon a determination that the case is either not a PI case or that it requires more case management than the PI Hub Courts can provide, given their case inventories.

**5. Filing of Documents**

Except for self-represented litigants or counsel who have obtained an exemption from mandatory electronic filing, parties must electronically file documents. Filings are no longer accepted via facsimile. The requirements for electronic filing are detailed in the Superior Court, Los Angeles County's operative General Order Re Mandatory Electronic Filing for Civil, available online at https://www.lacourt.org/division/efiling/pdf/GenOrdCivilEfiling.pdf.

**6. Service of Summons and Complaint**

Plaintiff(s) shall serve the summons and complaint upon defendant(s) within 60 days of filing of the complaint. (California Rules of Court, rule 3.110 (b).) Failure to do so may result in the imposition of sanctions. (Code of Civil Procedure, sections 128, 177.5; California Rules of Court, rule 2.30.) In addition, at a hearing on an Order to Show Cause re Dismissal (described in Paragraph three above), the PI Hub Courts may dismiss the case and/or all unserved parties unless plaintiff(s) shows cause why the case or the unserved parties should not be dismissed. (Code of Civil Procedure, sections 583.410, 583.420.)

**7. Stipulations to Advance or Continue Trial**

The Court may honor stipulations by all parties to a case to advance or continue a trial, provided that the proposed trial date is not beyond 24 months of the filing of the complaint, without a showing of good cause.

///

To advance or continue a trial date, the parties (or their counsel of record) should jointly execute and submit a (Proposed) Order and Stipulation to Continue Trial, FSC [and Related Motion/Discovery Dates Personal Injury Courts Only (Central District)] (LACIV-CTRL242). The PI Hub Courts schedule FSCs at 10:00 a.m., approximately eight court days before the trial date. Parties seeking to advance or continue trial and FSC dates shall file the stipulation at least eight court days before the existing FSC date. (Code of Civil Procedure, section 595.2; Government Code, section 70617(c)(2).) In selecting a new trial date, parties should avoid setting on Mondays, or Tuesdays following a court holiday.

Parties may submit a maximum of two stipulations to continue trial for a total continuance of six months before 24 months of the filing of the complaint. Other requests to continue trial will be granted only upon a showing of good cause by noticed motion.

**8. No Case Management Conferences**

The PI Hub Courts do not conduct case management conferences. Thus, the parties need not file a Case Management Conference Statement.

**9. Law and Motion**

A. Reservation Hearing Date

Parties must reserve hearing dates for motions in the PI Hub Courts using the Court Reservation System (CRS) available online (www.lacourt.org). After reserving a motion hearing date, the reservation requestor must submit the moving papers for filing with the reservation receipt number printed on the face page of the document under the caption and attach the reservation receipt as the last page.

As soon as a reservation requestor realizes that a motion hearing, or other proceeding requiring a reservation in the PI Hub Courts, such as in Informal Discovery

Conference (IDC) will not be necessary, the reservation requestor shall immediately use CRS to cancel the reservation for the motion hearing, or other proceeding requiring a reservation.

If the moving party deems the hearing date to be too far in the future (for example, after the trial date), parties should check CRS from time to time because earlier hearing dates may become available as cases settle or hearings are taken off calendar. Except in extraordinary circumstances, the court will not grant ex parte applications to advance a hearing date because it is set after a trial date. If a hearing is set after the trial date, the moving party should seek to continue the trial by noticed motion instead.

B. Electronically Filed Documents

Any and all electronically filed documents must be text searchable and bookmarked pursuant to the operative General Order re Mandatory Electronic Filing for Civil, General Order re Mandatory Electronic Filing in Civil.

C. Courtesy Copies

Courtesy copies are required for Ex Parte Applications, Motions for Summary Judgment, Oppositions to Ex Parte Applications and Motions for, Oppositions to, and Replies to Oppositions to Motions for Summary Judgment or Summary Adjudication.

Courtesy copies must be submitted directly to the assigned PI Hub Court at the Spring Street Courthouse. The PI Hub Courts strongly encourage the parties filing and opposing lengthy motions for summary judgment or adjudication, to submit one or more three-ring binders organizing the courtesy copies behind tabs. Any courtesy copies of documents with declarations and/or exhibits must be tabbed. (California Rules of Court, rule 3.1110(f).) All deposition excerpts referenced in briefs must be marked on the transcripts attached as

///

exhibits. (California Rules of Court, rule 3.1116(c).) Courtesy copies, including any media attached thereto, will be destroyed by the Court without notice following the hearing.

D. Withdrawal of Motions

If a moving party takes a motion off a PI Hub court's calendar, the moving party must notify the court immediately and should remove the item from the Court's calendar on CRS. (California Rules of Court, rule 3.1304(b).) If, in response to a demurrer or a motion to strike, a party exercises its right to amend a pleading as prescribed by Code of Civil Procedure section 472(a), the court requests that party work with the party who filed the demurrer or motion to strike to take the demurrer or motion to strike off calendar so that the PI Hub Courts do not needlessly prepare tentative rulings.

E. Motions to Compel Further Responses to Discovery

PI Hub Courts will not hear Motions to Compel Further Discovery Responses to Discovery until the parties have engaged in an Informal Discovery Conference (IDC).

PI Hub Courts may deny or continue a Motion to Compel Further Responses to Discovery if parties fail to schedule and complete an IDC before the scheduled hearing on a Motion to Compel Further Responses to Discovery.

After meeting and conferring about available dates for an IDC, the moving/propounding party shall reserve an IDC through CRS (see paragraph 9 above) and provide notice of the reserved IDC to the opposing/responding party by filing and serving an Informal Discovery Conference Form for Personal Injury Courts LASC CIV 239 at least 15 court days before the IDC and attach the CRS reservation receipt as the last page. The IDC will not be "scheduled" by the court until the IDC Form is filed. The opposing/responding party

///

may file and serve a responsive IDC Form at least 10 court days before the IDC. All parties shall briefly set forth their respective positions on the pending discovery issues on the IDC Form.

Ideally, the parties should participate in an IDC before a Motion to Compel Further Discovery Responses is filed because the IDC may avoid the necessity of such a motion or, at least, reduce its scope. Because of that possibility, parties are encouraged to stipulate to extend the deadline for filing a Motion to Compel Further Discovery Responses by 60 days in order to allow time to participate in an IDC and to informally resolve the pending discovery issues.

Note: Reserving or scheduling an IDC **does not extend the time to file a Motion to Compel Further Discovery Responses.**

If parties do not stipulate to extend the deadline(s) to file a Motion to Compel Further Discovery Responses, the moving/propounding party may file the motion to avoid it being deemed untimely. However, the IDC must take place before the motion is heard so it is suggested that the moving party reserve a date for the motion hearing that is at least 60 days after the date when an IDC is scheduled. Note: A party's failure to stipulate to extend the time to bring a Motion to Compel Further Discovery Responses so that an IDC may be held may subject the parties and/or counsel to the imposition of sanctions.

The PI Hub Courts have found that, in most cases, IDCs are successful at assisting the parties to amicably resolve their discovery disputes, and in resolving the case as a whole. The purpose of the IDC is to assist the parties to resolve and/or narrow the scope of discovery disputes. Therefore, parties, through their respective counsel of record with full authority to make binding agreements, shall participate in the scheduled IDC. The PI Hub Courts have found that most discovery disputes result from a failure to meaningfully meet and confer on the pending

discovery issues. The PI Hub Courts generally find that meeting and conferring by only exchanging letters and e-mails, as opposed to actual conversation, are insufficient and ineffective. Thus, in requesting an IDC, the parties must indicate on their IDC forms what efforts were made to informally resolve pending discovery issues, which must include in-person or virtual meetings or telephonic communications. (The PI Hub Courts require this same showing in declarations filed in support of, and in opposition to, Motions to Compel Further Discovery Responses.)

Time permitting, the PI Hub Courts may be available to conduct IDCs to resolve other types of discovery disputes.

**10. Ex Parte Applications**

The PI Hub Courts will only grant ex parte relief upon a showing, by admissible evidence, that the moving party will suffer "irreparable harm," "immediate danger," or where the moving party identifies "a statutory basis for granting relief ex parte." (California Rules of Court, rule 3.1202(c).) The PI Hub Courts have no capacity to hear multiple ex parte applications or to shorten time to add hearings to their fully booked motion calendars. Given the PI Hub Courts' impacted calendars, a PI Hub Court's unavailability for timely motion hearings is not an "immediate danger" or threat of "irreparable harm" justifying ex parte relief. Instead of seeking ex parte relief, the moving party should reserve the earliest available motion hearing date (even if it is after the scheduled trial date) and file a noticed motion to continue the trial.

And, again, parties should check CRS from time to time because earlier hearing dates may become available as cases settle or hearings are taken off calendar.

///

**11. Jury Fees**

Parties must pay jury fees no later than 365 calendar days after the filing of the initial complaint. (Code of Civil Procedure, section 631(c)(2).)

**12. Final Status Conference**

A. Purpose

The purpose of the FSC is to verify that the parties are completely ready to proceed with trial continuously and efficiently, from day to day, until verdict. The PI Hub Courts will verify at the FSC that all parties have (1) prepared all necessary trial documents, and (2) met and conferred in an effort to stipulate to ultimate facts, legal issues, Motions in Limine, and the authentication/foundation and admissibility of exhibits.

B. Trial Documents to Be Filed

At least five calendar days prior to the FSC, the parties shall serve and file the following Trial Readiness Documents:

1. Trial Briefs (Optional)

Each party may, but is not required to, file a trial brief succinctly identifying:

a. the claims and defenses subject to litigation;

b. the major legal issues (with supporting points and authorities);

c. the relief claimed and calculation of damages sought; and

d. any other information that may assist the court at trial.

2. Motions in Limine

Before filing Motions in Limine, the parties shall comply with the statutory notice provisions of Code of Civil Procedure section 1005 and the requirements of the

Superior Court, Los Angeles County, Local Rules, rule 3.57(a). The caption of each Motion in Limine shall concisely identify the evidence that the moving party seeks to preclude. Parties filing more than one Motion in Limine shall number them consecutively. Parties filing opposition and reply documents shall identify the corresponding motion number in the caption.

3. Joint Statement to Be Read to the Jury

For jury trials, the parties shall prepare and file a joint written statement of the case for the trial court to read to the jury. (Superior Court, Los Angeles County, Local Rules, rule 3.25(g)(4).)

4. Joint Witness List

The parties shall prepare and file a joint, alphabetized by last name, list of all witnesses that each party intends to call, excluding impeachment and rebuttal witnesses. (Superior Court, Los Angeles County, Local Rules, rule 3.25(g)(5).) The joint witness list shall identify each witness by name, specify which witnesses are non-experts and experts, estimate the length of the direct, cross, and re-direct examination of each witness, and include a total number of hours for all witness testimony. The parties shall identify all potential witness scheduling issues and special requirements. Any party who seeks to elicit testimony from a witness not identified on the witness list must first make a showing of good cause to the trial court.

5. List of Proposed Jury Instructions (Joint and Contested)

The parties shall jointly prepare and file a list of proposed jury instructions, organized in numerical order, including columns to indicate whether an instruction is agreed to or contested. In addition, the List of Proposed Jury Instructions must include

///

columns for a trial judge to indicate whether an instruction was given, given as modified, refused or withdrawn. (California Rules of Court, rule 2.1055.)

6. Jury Instructions (Joint and Contested)

The parties shall prepare a complete set of full text proposed jury instructions in a format ready for submission to the jury, by editing all proposed California Civil Jury Instructions including inserting party name(s) and eliminating blanks, brackets, and irrelevant material. The parties may prepare special instructions in a format ready for submission to the jury with the instruction number, title, and text only (**i.e., there should be no boxes or other indication on the printed instruction itself as to which party is requesting the instruction).**

7. Joint Verdict Form(s)

The parties shall prepare and jointly file a proposed general verdict form or special verdict form (with interrogatories) acceptable to all parties. (Superior Court, Los Angeles County, Local Rules, rule 3.25(g)(8).) If the parties cannot agree on a joint verdict form, each party must separately file a proposed verdict form.

8. Joint Exhibit List

The parties shall prepare and file a joint exhibit list organized with columns identifying each exhibit, setting forth stipulations, if any, to authenticity/foundation and admissibility of exhibits, and specifying evidentiary objections, if any, to the admission of an exhibit. If an objection to an exhibit is not articulated on the exhibit list, the trial court may deem the exhibit admitted. The parties shall meet and confer regarding stipulations to authenticity/foundation and admissibility of exhibits, and to resolve objections, if any, to the admission of an exhibit, before filing the Joint Exhibit List.

9. Page and Line Designation for Deposition and Former Testimony

If the parties intend to use deposition testimony or former trial testimony in lieu of any witness' live testimony, the parties shall meet and confer, and jointly prepare and file a chart with columns for each of the following: 1) the page and line designations of the deposition or former testimony requested for use, 2) objections, 3) counter-designations, 4) any responses thereto, and 5) the court's ruling.

C. Items to be Presented at the Final Status Conference

1. Trial Binders

The parties shall jointly prepare (and be ready to temporarily lodge) 3-ring binders containing conformed (filed in eCourt) copies of all the following:

**Tab A: Trial Briefs (Optional)**

**Tab B:** Motions in Limine

The parties shall organize Motions in Limine (tabbed in numerical order) with the opposition papers and reply papers for each motion placed directly behind the moving papers.

**Tab C:** Joint Statement to Be Read to the Jury

**Tab D:** Joint Witness List

**Tab E:** Joint List of Jury Instructions (identifying the agreed upon and contested instructions)

**Tab F:** Joint and Contested Jury Instructions

The parties shall organize proposed jury instructions with the agreed upon instructions first in order followed by the contested instructions (including special instructions) submitted by each party.

Tab G: Joint and/or Contested Verdict Form(s)

Tab H: Joint Exhibit List

Tab I: Joint Chart of Page and Line Designation(s) for Deposition and Former Testimony

Tab J: Copies of the Current Operative Pleadings (including the operative complaint, answer, cross-complaint, if any, and answer to any cross-complaint).

2. Filing and Electronic Submission of trial documents

In an effort to reduce the number of in-person appearances in the PI Hub Courts, in addition to the parties filing and serving the Trial Documents at least five calendar days prior to the FSC, two court days prior to the FSC, the parties must provide the PI Hub Court with the trial binders in electronic form (see below). This will allow parties to appear remotely for the FSC and provide the PI Hub Courts with the opportunity to review the trial binders to determine whether parties are ready for trial. Hard copies of the trial binders will continue to be required for the trial.

a. The parties must submit in one PDF conformed copies of the joint statement of the case, joint witness list, joint list of jury instructions, full-text joint and contested jury instructions, joint and/or contested verdict form(s), joint exhibit list, joint deposition designation chart, and operative pleadings as listed in paragraph C.1. above (Tabs C through J).

b. The trial briefs and Motions in Limine, oppositions, and replies, if any, must be submitted in a separate PDF as listed in paragraph

C.1 above (Tabs A and B). **If a Motion in Limine and exhibits thereto exceed 10 pages, the parties may submit just the face page of the motion.** (The entire motion will still need to be brought to the trial in the appropriate binder.)

c. The PDFs must be text searchable.

d. The PDFs must be bookmarked which is essentially an electronic tab so that the PI Hub Court is able to find and navigate among the trial documents.

(See https://helpx.adobe.com/acrobat/using/page-thumbnails-bookmarks-pdfs.html for bookmarking instructions.)

e. The PDFs must be emailed to the applicable email address listed below:

Department 27 at sscdept27FSC@LACourt.org

Department 28 at sscdept28FSC@LACourt.org

Department 29 at sscdept29FSC@LACourt.org

Department 30 at sscdept30FSC@LACourt.org

Department 31 at sscdept31FSC@LACourt.org

Department 32 at sscdept32FSC@LACourt.org

f. The subject line in the email must include identifying case information as follows:

[Insert Case Number] Trial Readiness Binder, FSC, [Insert MM/DD/YEAR of Hearing Date] (e.g., 20STCV00001 Trial Readiness Binder, FSC 01/11/2022).

g. Each email should have two PDFs attached – one containing the trial documents and the other containing the trial briefs and Motions in Limine, if applicable.

h. The parties need not email the evidentiary exhibit binders to the PI Hub Court for the FSC. However, the parties shall prepare the exhibit binders as required (see section 3. Evidentiary Exhibits, below) and be prepared to represent to the PI Hub Court that the binders have been properly prepared. Hard copies of the exhibit binders will be required for the trial court.

3. Evidentiary Exhibits

The parties shall jointly prepare (and be ready to temporarily lodge for inspection at the FSC) three sets of tabbed, internally paginated by document, and properly marked exhibits, organized numerically in three-ring binders (a set for the trial court, the judicial assistant, and the witnesses). The parties shall mark all non-documentary exhibits and insert a simple written description of the exhibit behind the corresponding numerical tab in the exhibit binder.

D. Failure To Comply with Final Status Conference Obligations

The PI Hub Courts have the discretion to require any party or counsel of record who fails or refuses to comply with this Standing Order to show cause why the court should not impose monetary, evidentiary, and/or issue sanctions (including the entry of a default or the striking of an answer) (Code of Civil Procedure, section 575.2).

///

///

13. **Mandatory Settlement Conferences**

Mandatory Settlement Conferences (MSC) are available on a virtual platform hosted by the Beverly Hills Bar Association at ResolveLawLA.com. MSCs are conducted by volunteer attorneys from the American Board of Trial Advocates, the Association of Southern California Defense Counsel, the Consumer Attorneys Association of Los Angeles, and the Beverly Hills Bar Association and are overseen by the court.

MSCs are available in cases with two sides[1] 1) by stipulation, or 2) by court order at the Final Status Conference. If parties stipulate to participate in a ResolveLawLA MSC, they must seek leave of court to do so, by making an ex parte application using the PI Hub MSC Stipulation form. Both parties should appear at the ex parte hearing. At the Final Status Conference, the court may order parties to participate in a MSC if the court feels that it could assist the parties in resolving the case.

Whether by stipulation or court order, parties must access the ResolveLawLA website at www.ResolveLawLA.com to create an account and register the case for MSC within two court days of the court's order of the MSC. Plaintiff or his, her or their counsel (plaintiff) must coordinate with defendant or his, her or their counsel (defendant) and select a mutually agreed upon date and time for the MSC prior to the trial date. Plaintiff shall also provide the name, email address, and phone number for Defendant when registering the case for an MSC.

A MSC brief shall be lodged by each party at ResolveLawLA.com and served on all parties not less than five court days before the scheduled MSC. The settlement conference statement shall be limited to five pages on the MSC Brief and 10 pages for exhibits.

///

[1]Cases with cross-complaints or separately represented defendants are not eligible.

ResolveLawLA MSCs are available at 9 a.m. and 1:30 p.m. Monday through Friday, excluding court holidays, and are conducted on a virtual platform. After a MSC is scheduled, the ResolveLawLA system will send notifications via text and/or email and will include a link for counsel, the parties, and insurance representatives to join the MSC remotely.

Pursuant to California Rules of Court, rule 3.1380(b) and Superior Court, Los Angeles County, Local Rules, rule 3.25(d), counsel, the parties, and persons with full authority to settle the case (including insurance company representatives) must attend the MSC virtually unless a judicial officer has excused the virtual appearance for good cause. Once defendants are notified that a case has been scheduled for a MSC, defendants shall create their own login to the ResolveLawLA.com system, and shall list all parties, party representatives and insurance adjusters' names, phone numbers, and emails where indicated. In the event the MSC needs to be canceled or rescheduled, it must be canceled through ResolveLawLA.

If the case settles before a scheduled MSC, parties shall forthwith notify the PI Hub Court to which the case is assigned of such settlement. The parties should also document their settlement agreement in writing signed by all parties whether before or at the scheduled MSC.

## 14. Trials

The PI Hub Courts do not conduct trials. On the trial date, all parties and/or their trial counsel must appear in person with trial and exhibit binders in the PI Hub Court assigned to the case. Upon confirming that the parties are trial-ready, the PI Hub Court will obtain a trial court assignment from Stanley Mosk Courthouse, department 1, and will inform the parties and/or trial counsel of the assignment. The parties then have 20 minutes within which to exercise a peremptory challenge to the assigned trial court, assuming that party had not previously exercised the party's right to make such a challenge.

Should a plaintiff fail to appear at trial, the PI Hub Court will dismiss the case without prejudice. (Code of Civil Procedure, section 581(b)(3).) If a defendant fails to appear at trial, the PI Hub court will obtain a trial court assignment from department 1 and the plaintiff will proceed with an uncontested trial pursuant to Code of Civil Procedure section 594 and *Warden v. Lamb* (1929) 98 Cal.App. 738, 741.

**15. Sanctions**

The court has discretion to impose sanctions for any violation of this Standing Order. (Code of Civil Procedure, sections 128.7, 177.5, 187; Government Code, section 68608(b); California Rules of Court, rule 2.30.)

DATED: September 20, 2022

Judge David J. Cowan
Supervising Judge, Civil Division

Docusign Envelope ID: FD6EBE06-1A27-4D31-8BBE-0210B02570E0

CIV-010/FL-935

ATTORNEY OR PARTY WITHOUT ATTORNEY STATE BAR NUMBER: 334862
NAME: Taylor R. Porter
FIRM NAME: Shernoff Bidart Echeverria LLP
STREET ADDRESS: 600 South Indian Hill Boulevard
CITY: Claremont STATE: CA ZIP CODE: 91711
TELEPHONE NO.: (909) 621-4935 FAX NO.: (909) 625-6915
EMAIL ADDRESS: tporter@shernoff.com
ATTORNEY FOR (name): Plaintiff, Terence Flaaten

FOR COURT USE ONLY

Electronically FILED by Superior Court of California, County of Los Angeles 8/02/2024 1:39 PM David W. Slayton, Executive Officer/Clerk of Court, By M. Vargas, Deputy Clerk

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 9425 Penfield Avenue
MAILING ADDRESS: - same -
CITY AND ZIP CODE: Chatsworth 91311
BRANCH NAME: North Valley District

PLAINTIFF/PETITIONER: Terence Flaaten
DEFENDANT/RESPONDENT: Target Corporation
OTHER PARENT/PARTY: Linda Stout

**APPLICATION FOR APPOINTMENT OF GUARDIAN AD LITEM—CIVIL AND FAMILY LAW**
[x] EX PARTE

CASE NUMBER: 24CHCV02741

*This form is for use in a civil or family law proceeding in which a party is a minor, a person who lacks legal capacity to make decisions, or a person for whom a conservator has been appointed. A person who seeks the appointment of a guardian ad litem in a proceeding under the Probate Code—other than a proceeding under Probate Code sections 3500–3613 for approval of a compromise, settlement, or disposition of judgment proceeds—should use form DE-350/GC-100. NOTE: A person may not act as a guardian ad litem unless the person is represented by an attorney, is an attorney, or, in an action under the Uniform Parentage Act (Family Code, §§ 7600–7730), is an adult relative of a minor party.*

1. I *(applicant's name)*: Linda Stout
   am *(check all that apply)*:
   a. [ ] the parent of *(name)*:
   b. [ ] the guardian of *(name)*:
   c. [ ] the conservator of *(name)*:
   d. [ ] a party to the suit.
   e. [ ] the minor to be represented *(if the minor is 14 years of age or older)*.
   f. [x] another interested person *(specify capacity)*: Sibling of, and Agent with Power of Attorney for, Terence Flaaten
2. I am asking the court to appoint the following person as guardian ad litem *(name, address, phone number, and email address)*:

   Linda Stout - 8104 Gardenia Avenue, Rancho Cucamonga, CA 91701 (909) 373-7981

3. The guardian ad litem will represent the interest of *(name, address, and, if applicable, phone number and email address)*:

   Terence Flaaten - 5856 Balcom Avenue, Encino, CA 91316 (818) 343-4473; R17erry@yahoo.com

4. The person named in item 3 is a party and is *(check all that apply)*:
   a. [ ] a minor *(date of birth)*: 12/06/2006
   b. [x] a person who lacks legal capacity to make decisions *(explain the basis for claiming lack of capacity)*:
   Terence Flaaten is 79 years old. As a result of the incident giving rise to this lawsuit, he is unable to ambulate on his own, suffered from memory loss, and cannot take care of his medical needs. He currently resides in a residential care facility. Accordingly, he lacks the capacity to assist his attorneys in the preparation of the case. Moreover, he would qualify for a conservator under Probate Code section 1801. Linda Stout has also been appointed as Agent with Power of Attorney.
   [ ] Continued on Attachment 4b.
   c. [ ] a person for whom a conservator has been appointed *(provide the details of the appointment)*:

   [ ] Continued on Attachment 4c.

Docusign Envelope ID: FD6EBE06-1A27-4D31-BBBE-0210B02570E0

CIV-010/FL-935

| | | |
|---|---|---|
| PLAINTIFF/PETITIONER: | Terence Flaaten | CASE NUMBER: |
| DEFENDANT/RESPONDENT: | Target Corporation | |
| OTHER PARENT/PARTY: | Linda Stout | |

5. ☐ The person named in item 3 is a minor and is *(check one):*
   a. ☐ a plaintiff or petitioner in this action and the summons has not been issued.
   b. ☐ a defendant or respondent in this action. More than 10 days have passed since service of the summons, and no one has applied for the appointment of a guardian ad litem.

6. I am asking the court to appoint a guardian ad litem because the person named in item 3 *(check all that apply):*
   a. ☐ is a minor who is a party to an action under the Uniform Parentage Act (Family Code, §§ 7600–7730).
   b. ☐ is a minor who is requesting or opposing a request for an injunction or restraining order described in Code of Civil Procedure sections 372(b)(1) and 374(a). *(If the minor is 12 years of age or older, check one of the following):*
   The minor ☐ does ☐ does not object to the appointment of the person named in item 2.
   ☐ I don't know whether the minor objects to the appointment of the person named in item 2.
   c. ☒ has no guardian or conservator of the estate.
   d. ☐ has a guardian or conservator of the estate, but the guardian or conservator is inadequate to represent the person's interest in this action or proceeding because *(explain):*

   ☐ Continued on Attachment 6d.
   The guardian or conservator of the estate is *(name, address, telephone number, and email address):*

   *(After filing this application, you must give notice and a copy of the application to the guardian or conservator above.)*

7. The proposed guardian ad litem is fully competent and qualified to understand and protect the rights of the person named in item 3.

Taylor R. Porter
(TYPE OR PRINT NAME)

[signature]
(SIGNATURE OF ATTORNEY)

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: 7/30/2024

Linda Stout
(TYPE OR PRINT NAME)

Signed by:
Linda Stout
A0AF0BDB0663488... (SIGNATURE OF APPLICANT)

## DISCLOSURES AND CONSENT TO ACT AS GUARDIAN AD LITEM

8. I have the following relationship with the person named in item 3 *(check one):*
   a. ☐ No relationship
   b. ☒ A familial relationship *(specify):* Sister to Terence Flaaten
   c. ☐ An affiliate (nonfamilial) relationship *(specify):*

9. I am *(check one):*
   a. ☒ not aware of any actual or potential conflicts of interest that would or might arise from the appointment.
   b. ☐ aware of the following actual or potential conflicts that would or might arise from the appointment *(describe the actual or potential conflicts of interest and explain why the proposed guardian should still be appointed):*

   ☐ Continued on Attachment 9b.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. I consent to act as guardian ad litem in this action or proceeding. If I become aware that a potential conflict of interest has become an actual conflict, or that a new potential or actual conflict exists, I will promptly disclose the conflict of interest to the court.

Date: 7/30/2024

Linda Stout
(TYPE OR PRINT NAME)

Signed by:
Linda Stout
A0AF0BD... (SIGNATURE OF PROPOSED GUARDIAN AD LITEM)

CIV-011/FL-936

| ATTORNEY OR PARTY WITHOUT ATTORNEY | FOR COURT USE ONLY |
|---|---|
| STATE BAR NUMBER: 334862<br>NAME: Taylor R. Porter<br>FIRM NAME: Shernoff Bidart Echeverria LLP<br>STREET ADDRESS: 600 S. Indian Hill Boulevard<br>CITY: Claremont STATE: CA ZIP CODE: 91711<br>TELEPHONE NO.: (909) 621-4935 FAX NO.: (909) 625-6915<br>EMAIL ADDRESS: tporter@shernoff.com<br>ATTORNEY FOR (name): Plaintiff Terence Flaaten | FILED<br>Superior Court of California<br>County of Los Angeles<br>08/05/2024<br>David W. Slayton, Executive Officer / Clerk of Court<br>By: D. Vallin Deputy |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES<br>STREET ADDRESS: 9425 Penfield Avenue<br>MAILING ADDRESS: -same-<br>CITY AND ZIP CODE: Chatsworth 91311<br>BRANCH NAME: North Valley District | |
| PLAINTIFF/PETITIONER: Terence Flaaten<br>DEFENDANT/RESPONDENT: Target Corporation<br>OTHER PARENT/PARTY: Linda Stout | |
| ORDER APPOINTING GUARDIAN AD LITEM—CIVIL AND FAMILY LAW<br>[x] EX PARTE | CASE NUMBER:<br>24CHCV02741 |

1. Applicant *(name):* Linda Stout
   seeks appointment of a guardian ad litem of *(name):* Terence Flaaten

2. [ ] The application came on regularly for a hearing as follows:
   a. Judicial officer *(name):*
   b. Hearing date: Time: [ ] Dept.: [ ] Room:
   c. The following persons were present at the hearing:
      (1) [ ] Applicant *(name):*
      (2) [ ] Attorney for applicant *(name):*
      (3) [ ] Guardian ad litem named in item 6.
      (4) [ ] Attorney for guardian ad litem *(name):*
      (5) [ ] Plaintiff/Petitioner *(name):* Terence Flaaten
      (6) [ ] Attorney for Plaintiff/Petitioner *(name):*
      (7) [ ] Defendant/Respondent *(name):* Target Corporation
      (8) [ ] Attorney for Defendant/Respondent *(name):*
      (9) [ ] Other *(names):*

**THE COURT FINDS**

3. [x] All notices required by law have been given.

4. The person for whom a guardian ad litem is to be appointed is a party who is
   a. [ ] a minor *(date of birth):*
   b. [x] a person who lacks legal capacity to make decisions.
   c. [ ] a person for whom a conservator has been appointed.

5. [x] The person for whom a guardian ad litem is to be appointed
   a. [ ] is a minor who is a party to an action under the Uniform Parentage Act. (Family Code, §§ 7600–7730.)
   b. [ ] is a minor who is requesting or opposing a request for an injunction or restraining order described in Code of Civil Procedure sections 372(b) and 374(a).
   c. [x] does not have a guardian or conservator of the estate.
   d. [ ] has a guardian or conservator of the estate, but the guardian or conservator is inadequate to represent the person's interest and appointment of a guardian ad litem is expedient.

Electronically Received 08/02/2024 01:39 PM

CIV-011/FL-936

| | |
|---|---|
| PLAINTIFF/PETITIONER: Terence Flaaten<br>DEFENDANT/RESPONDENT: Target Corporation<br>OTHER PARENT/PARTY: Linda Stout | CASE NUMBER:<br>24CHCV02741 |

**THE COURT ORDERS**

6. *(Name):* Linda Stout
is appointed guardian ad litem of *(name):* Terence Flaaten

7. The guardian ad litem ☑ is ☐ is *not* authorized to waive or disclaim any substantive rights of the represented party without further order of this court.

8. The guardian ad litem must promptly report to the court any potential conflict of interest with the represented person that becomes an actual conflict, as well as any new potential or actual conflict of interest that arises during the course of the representation.

9. ☐ Other *(specify):*

☐ Continued on Attachment 9.

10. Number of pages attached: ________

Date: 08/05/2024

David B. Gelfound / Judge
JUDICIAL OFFICER

☐ SIGNATURE FOLLOWS LAST ATTACHMENT

# Superior Court of California, County of Los Angeles

## ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION PACKAGE

**THE PLAINTIFF MUST SERVE THIS ADR INFORMATION PACKAGE ON EACH PARTY WITH THE COMPLAINT.**

**CROSS-COMPLAINANTS** must serve this ADR Information Package on any new parties named to the action with the cross-complaint.

**What is ADR?**
ADR helps people find solutions to their legal disputes without going to trial. The main types of ADR are negotiation, mediation, arbitration, and settlement conferences. When ADR is done by phone, videoconference or computer, it may be called Online Dispute Resolution (ODR). These alternatives to litigation and trial are described below.

**Advantages of ADR**

- **Saves Time:** ADR is faster than going to trial.
- **Saves Money:** Parties can save on court costs, attorney's fees, and witness fees.
- **Keeps Control** (with the parties): Parties choose their ADR process and provider for voluntary ADR.
- **Reduces Stress/Protects Privacy:** ADR is done outside the courtroom, in private offices, by phone or online.

**Disadvantages of ADR**

- **Costs:** If the parties do not resolve their dispute, they may have to pay for ADR, litigation, and trial.
- **No Public Trial:** ADR does not provide a public trial or decision by a judge or jury.

**Main Types of ADR**

1. **Negotiation:** Parties often talk with each other in person, or by phone or online about resolving their case with a settlement agreement instead of a trial. If the parties have lawyers, they will negotiate for their clients.

2. **Mediation:** In mediation, a neutral mediator listens to each person's concerns, helps them evaluate the strengths and weaknesses of their case, and works with them to try to create a settlement agreement that is acceptable to all. Mediators do not decide the outcome. Parties may go to trial if they decide not to settle.

   **Mediation may be appropriate when the parties**
   - want to work out a solution but need help from a neutral person.
   - have communication problems or strong emotions that interfere with resolution.

   **Mediation may not be appropriate when the parties**
   - want a public trial and want a judge or jury to decide the outcome.
   - lack equal bargaining power or have a history of physical/emotional abuse.

## How to Arrange Mediation in Los Angeles County

Mediation for civil cases is voluntary and parties may select any mediator they wish. Options include:

a. **The Civil Mediation Vendor Resource List**
If all parties in an active civil case agree to mediation, they may contact these organizations to request a "Resource List Mediation" for mediation at reduced cost or no cost (for selected cases).

- **ADR Services, Inc.** Assistant Case Manager Janet Solis, janet@adrservices.com (213) 683-1600
- **Mediation Center of Los Angeles** Program Manager info@mediationLA.org (833) 476-9145

**These organizations cannot accept every case and they may decline cases at their discretion.** They may offer online mediation by video conference for cases they accept. Before contacting these organizations, review important information and FAQs at www.lacourt.org/ADR.Res.List

**NOTE: The Civil Mediation Vendor Resource List program does not accept family law, probate, or small claims cases.**

b. **Los Angeles County Dispute Resolution Programs.** Los Angeles County-funded agencies provide mediation services on the day of hearings in small claims, unlawful detainer (eviction), civil harassment, and limited civil (collections and non-collection) cases.
https://dcba.lacounty.gov/countywidedrp/

**Online Dispute Resolution (ODR).** Parties in small claims and unlawful detainer (eviction) cases should carefully review the Notice and other information they may receive about (ODR) requirements for their case. https://my.lacourt.org/odr/

c. Mediators and ADR and Bar organizations that provide mediation may be found on the internet.

3. **Arbitration:** Arbitration is less formal than trial, but like trial, the parties present evidence and arguments to the person who decides the outcome. In "binding" arbitration, the arbitrator's decision is final; there is no right to trial. In "nonbinding" arbitration, any party can request a trial after the arbitrator's decision. For more information about arbitration, visit https://www.courts.ca.gov/programs-adr.htm

4. **Mandatory Settlement Conferences (MSC):** MSCs are ordered by the Court and are often held close to the trial date or on the day of trial. The parties and their attorneys meet with a judge or settlement officer who does not make a decision but who instead assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. For information about the Court's MSC programs for civil cases, visit https://www.lacourt.org/division/civil/CI0047.aspx

Los Angeles Superior Court ADR website: https://www.lacourt.org/division/civil/CI0109.aspx
For general information and videos about ADR, visit http://www.courts.ca.gov/programs-adr.htm